Moncure, P.,
delivered the opinion of the court.
This is a writ of error to a judgment of the county court of Dinwiddie county, convicting the plaintiff in error, White, of felony, and sentencing him therefor to confinement in the penitentiary for the term of three years. The indictment on which he was convicted, charged that he, “on the 15th of October, 1877, in the said county, a certain out-house, commonly called a barn, or tobacco-house, with a stable attached, belonging to James W. Gunn, which, with the property then therein contained, was of the value of $400, feloniously and *maliciously did burn, against the peace and dignity of the Commonwealth of Virginia.” When the grand jury returned into court with the indictment, it had on it, or under it, these words in writing, subscribed by their foreman: “A true gun.” A. T. Towree, Foreman. The accused being arraigned, plead not guilty to the indictment. Whereupon, a jury being sworn to try the case, found a verdict therein in these words: “We, the jury, find the prisoner guilty of the charge in the within indictment, and that the barn and contents are worth more than $100; and fix his term of confinement in the public jail and state penitentiary for three years, and recommend him to the executive for mercy.” The accused, by counsel, moved the court in arrest of judgment; which motion the court, after taking time to consider, overruled. And judgment was thereupon rendered according to the verdict. The accused applied to the judge of the circuit court of said county for a writ of error to said judgment; which being refused, he applied to this court for such writ; which was accordingly awarded.
There is but one question in the case, which arises on a bill of exceptions taken therein. It is stated in said bill, “that after the jury rendered their verdict in this case and were discharged, the prisoner, by his counsel, moved the court in arrest of judgment, and submitted that it ought not to proceed to judgment upon the verdict aforesaid, for the reasons following:
“1st. No indictment has been found against the prisoner by a grand jury, in a court of competent jurisdiction. The original paper treated in this case as an indictment against the prisoner is not an indictment so found, inasmuch as said original paper nowhere bears the indispensable words, ‘a true bill.’
“2d. The prisoner has, in no way whatever, waived the privilege given him, to require that he shall not be *put upon trial for a felony charged against him until an indictment shall have been first found against him by a grand jury in a court of competent jurisdiction.
“3d. Said privilege, requiring to be first so indicted before being put upon trial for a felony, is a right given to the prisoner by the constitution of the state, and cannot be waived.”
It is further staled in said bill that in support of the said plea in arrest of judgment, upon grounds aforesaid, “the prisoner, by his counsel, called the attention of the court to, and asked the court to inspect, said original paper, treated as an indictment in this cause, and its endorsements,” (which paper and endorsements are set out in the bill); “and the court further certifies that it appears in this cause that the record shows that the grand jury were regularly empanelled and sworn and charged, and having retired to their room and spent some time therein, came into the courtroom and answered to their names, and were then asked by the clerk if they had agreed upon any bills of indictment; to which they replied yes, and handed to the clerk the paper treated as an indictment in this cause; and the clerk with the said paper before him, read in the presence of the grand jury — ‘The Commonwealth vs. Alex. White alias Elick White: Indictment, a true bill;’ and then entered upon the record — to-wit: the minute-book — the following as the finding of the grand jury, to-wit: ‘The Commonweath v. Alex. White alias Elick White: Indictment, a true bill.’ And thereupon the prisoner was brought into court, and arraigned in the usual form, upon the said paper, treated as an indictment in this cause; and upon his arraignment, pleaded ‘not guilty.’ The trial then proceeded regularly to verdict. And thereupon, the court having fully considered said motion in arrest of judgment, and the grounds therefor, doth overrule the *same; the court being of opinion that the said original paper, treated as an indictment in this cause and endorsed as aforesaid, is not, in any wise, defective in substance, but only in form. And as the prisoner made no objection thereto till after the verdict aforesaid had been found by the jury and recorded by the clerk, but had pleaded ‘not guilty,’ he, the prisoner, must be treated and considered as having waived all objections to said indictment as to form. To which opinion of the court, overruling said motion in arrest of judgment, the prisoner *618 by counsel excepted, and tendered this his bill of exceptions, and prays that the same be signed and sealed by the court and made part of the record in this cause; which is accordingly done.”
'Thus it appears that the only question presented by this record, for the decision of this court is, whether the original paper, upon which as an indictment the plaintiff in error was tried for and convicted of felony, was found by the grand jury to be a true bill.
There can be no doubt but that the grand jury, or rather the foreman, in endorsing the bill a “true gun,” meant a “true bill,” being probably led into the mistake by the fact that the indictment on which the endorsement was made, charged that the house burned was the property of a man named Gunn, who was thus, no doubt, the prosecutor. So that if it were necessary that a bill, in order to be made a good indictment, should have on it an endorsement by the grand jury, or its foreman, that it is a true bill; yet as the word “gun” was here obviously used for the word “bill,” as it was read by the clerk in the presence of the jury and acquiesced in by them — as it was so entered of record by the court, and as the accused plead not guilty to the indictment, and made no objection to the finding of the grand jury until after the verdict was rendered against him, it was then too late to *make the objection if it ever would have been a valid one. Sparks v. Commonwealth, 9 Penn. State R. 354, which was cited in the argument of this case, strongly, if not conclusively, sustains this view. It was held in that case not to be error to sentence a defendant convicted on an indictment found “a bill” omitting the word “true.” Gibson, C. J., in delivering the opinion in the case said: “But to endorse it ‘a bill’ is in effect to endorse if ‘a true bill,’ for though, an indictment is strictly called a bill before it has been found, yet it is in common parlance often called so afterwards. In this instance the omission of the word itrue’ may have been deemed immaterial, or may have been accidental; but the court might have supplied it in either case as ‘matter of form, not touching matter of substance.’ The grand jury certainly intended to do something;, as they did not intend to endorse the bill ‘ignoramus,’ they intended to' endorse it a true bill. The omissioii is one of those clerical slips which, it is well settled by Hawk. B. 2, ch. 25, § 97, and Chitty’s Cr. L. 297, 325, the court has power by the previous assent of the grand jury to amend.”
But it is not necessary that a bill, in order to be made a good indictment, should have on it an endorsement by the grand jury, or its foreman, that it is a true bill. It is sufficient that the bill was actually found to be a true bill by the grand jury; that such finding was announced in court by the. clerk on the return, and with the acquiescence, of the grand jury, and entered of record; as was done in this case. Such was th.e unanimous decision of this court in Price’s case, 21 Gratt. pp. 846, 855, 862. The subject is so fully considered and the authorities so fully reviewed in that case that it is unnecessary to say more here, as that case settles the law upon the point. It may be proper to say, however, that there is nothing in Bradshaw’s case, 16 Gratt. 507, (which was much relied *on by the counsel for the plaintiff in error in his argument of this case), at all in conflict with Price’s case, in which it was not referred to, no doubt because it was not considered, as affecting the question involved in the latter case. The said counsel’s reliance on Bradshaw’s case seems to have proceeded from his supposing, by mistake. that what was quoted - by Judge Daniel in that case from the opinion of Judge Phelan, in Garaway v. The State, 23 Alab. R. 772, was a part of Judge Daniel’s opinion.
If no endorsement on the indictment of any finding by the jury would not have made the judgment erroneous in this .case, as is conclusively shown by Price’s case, supra, a fortiori, an endorsement which is either equivalent to an endorsement of “a true bill” by the grand jury, or else amounts in effect to no endorsement at all (as is the case here), cannot make the judgment erroneous.
The. court is therefore of opinion that there is no error in the judgment, and that it ought to be affirmed.
Judgment affirmed.